**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0391-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KEVIN O. NUGENT,

    Defendant-Appellant.

_____

        Submitted December 17, 2018- Decided March 19, 2019

        Before Judges Haas and Sumners.

        On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 14-08-1395.

        Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel; William P. Welaj, on the brief).

        Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Mary R. Juliano, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kevin O. Nugent appeals from a Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Facing deportation due to his guilty plea to a drug offense, defendant alleged his trial counsel provided ineffective assistance by failing to advise him that his plea could result in his deportation. He thus contended that he should be allowed to withdraw his guilty plea due to such lack of advice.

We disagree with the trial judge's determination that defendant's PCR should be barred under Rule 3:22-4. Because the alleged ineffective assistance claim involved facts outside the trial record, his claim could not have been considered on direct appeal. Nonetheless, we affirm because we agree with the judge, who despite finding the petition procedurally deficient, addressed the merits of defendant's PCR claim and decided the PCR claim should also be dismissed because defendant never advised counsel that he was not a United States citizen. In addition, we affirm the judge's finding that defendant failed to satisfy the Slater[1] factors to warrant a withdrawal of his guilty plea.

The factual background to the underlying offense is brief. Post Office officials had discovered between two to six pounds of marijuana in a package that was addressed and mailed to co-defendant Larohonda Johnson at her former

---

[1] State v. Slater, 198 N.J. 145, 157-58 (2009).

A-0391-17T3

employer's office. The police were notified and waited for Johnson to pick up the package. Defendant, Johnson, and another person were arrested after defendant drove them to pick up the package.

Defendant was charged in a three-count indictment with third-degree possession of controlled dangerous substances (CDS) – phencyclidine, N.J.S.A. 2C:35-10(a)(1); fourth-degree possession of CDS – marijuana, N.J.S.A. 2C:35-10(a)(3); and third-degree possession with intent to distribute CDS – marijuana, N.J.S.A. 2C:35-5(b)(11). Rather than go to trial, he pled guilty to the intent to distribute offense.

At the plea hearing, defendant, a high school graduate who was thirty-five years old at the time, testified that he initialed and signed the plea form that was reviewed with him by counsel. In response to plea form question 17(a) that asked if he was a citizen of the United States, he answered "Yes." He then confirmed his answer by stating to the judge that he was a United States citizen, born in Camden. He further acknowledged that he was not under the influence and fully understood the proceedings. During questioning from counsel, he admitted he committed a crime when he drove to pick up the package, knowing it contained marijuana that he planned to distribute to someone else.

Defendant was later sentenced to time served of sixty-one days and placed on probation for two years, in accordance with his plea agreement. Of note, the presentence report indicated defendant was born in Camden.

Defendant did not appeal. Instead, one-year later, he filed for PCR after deportation proceedings were commenced to return him to Jamaica, his real birthplace, due to his CDS conviction. Alleging counsel failed to advise him of the deportation consequences of his conviction, defendant sought to withdraw his guilty plea.

Defendant was denied PCR without an evidentiary hearing by the same judge who took his guilty plea and sentenced him. The judge explained in his written decision that defendant's claim of not being advised of the deportation consequences of his guilty plea was procedurally barred under Rule 3:22-4, because the claim should have been raised in a direct appeal, there would be no fundamental injustice to bar the claim, and the claim did not raise federal or state constitutional issues. We agree with defendant that the judge misapplied the court rule.

The judge correctly observed that there would be no fundamental injustice to bar the petition, and that the claim did not raise federal or state constitutional issues. However, the judge should not have determined defendant was barred

4

from filing a PCR petition to assert that counsel failed to advise him of the deportation consequences. See State v. Nash, 212 N.J. 518, 546 (2013). The claim could not have been considered on direct appeal. Even though defendant represented that he was a United States citizen, which, as noted later, negates counsel having to advise him of deportation consequences, the claim of ineffective assistance involved facts outside the trial record. See State v. Preciose, 129 N.J. 451, 460 (1992). The judge, however, did not end his analysis of defendant's petition with that ruling.

Addressing the merits of defendant's claim, the judge found that PCR was not available to defendant because he failed to set forth a prima facie case of ineffective assistance of counsel under the well-known standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984) and State v. Fritz, 105 N.J. 42, 58 (1987). The judge rejected defendant's claim that counsel was ineffective for not advising him that he was subject to deportation due to his guilty plea. Given defendant's plea form and presentence report, as well as his plea colloquy, the judge noted that defendant "failed . . . to provide any certification, affidavit, or other evidence indicating that he told his attorney he was a lawful resident alien and not a United States citizen." See State v. Viera, 334 N.J. Super. 681, 688 (Law Div. 2000) (holding it would be constitutionally deficient for failure

A-0391-17T3

to address the issue of deportation where the defendant discloses he is a resident alien). Adding further apprehension over defendant's claim, the judge pointed out that the PCR petition included defendant's certification that he is a United States citizen. The judge relied upon Dooley v. Petsock, 816 F.2d 885, 890-91 (3d Cir. 1987), which held, "[a] trial counsel cannot be ineffective for failing to raise claims as to which his client has neglected to supply the essential underlying facts when those facts are within the client's possession; clairvoyance is not required of effective trial counsel."

Finding there was no prima facie evidence of ineffective assistance of counsel, the judge determined defendant was not entitled to an evidentiary hearing. Preciose, 129 N.J. at 462; State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Having considered defendant's arguments concerning the merits of his petition in light of the record and applicable legal standards, we conclude they are insufficient to warrant discussion in a written opinion, R. 2:11-3(e)(2), and we affirm substantially for the reasons set forth by the judge in his decision.

Turning to defendant's request to withdraw his guilty plea, he argues the judge erred in denying his request. Defendant argues that he only intended to take his friend and co-defendant Johnson to pick-up a package containing

marijuana from the post office and that he was never in possession of the package nor intended to distribute the marijuana. At argument, PCR counsel claimed defendant "took the fall" for Johnson as he was the only person charged with any crimes.

In rejecting defendant's claim to withdraw his guilty plea, the judge – citing his plea colloquy and PCR arguments – maintained defendant failed to make a colorable assertion of innocence and did not satisfy the other three factors required by Slater, 198 N.J. at 158, to support his request. The judge also pointed out that Johnson was charged as a co-defendant and pled guilty to an accusation.[2]

Having considered defendant's arguments and applicable legal standards concerning the withdrawal of his guilty plea, his arguments lack sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(2), and we affirm substantially for the reasons set forth by the judge in his decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] The record reveals that Johnson was placed on probation, which was later terminated resulting in a 180-day jail term, but does not indicate the offense to which she pled guilty.

A-0391-17T3